UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JEROME L. GRIMES,

    Plaintiff,

v.

1. BOARD OF TRUSTEES FOR CAPELLA UNIVERSITY,
   (official capacity)
       Defendant.

Civil Complaint No.:
24-cv-44 JWB/ECW

RECEIVED BY MAIL
JAN 08 2024
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

*In Pro Se for Plaintiff*

Jerome L. Grimes, B.A., & MBA, & PhD Doctoral Graduate Student

**PLAINTIFF'S VISITOR STATUS TEMPORARY MAILING ADDRESS:**

Jerome L. Grimes

GENERAL DELIVERY,

Carlsbad, California 92008-9999

(619) 643-4583,
grofsf@aol.com

*Attorney for Defendant*

Unknown

**DEFENDANT'S MAILING ADDRESS**

Defendants' REGISTERED AGENT:
Board of Trustees of Capella University,
225 South 6th Street,
Minneapolis, Minnesota 55402



(888) 227-3552

## CIVIL COMPLAINT AND JURY DEMAND

1. COMPLAINT AND JURY DEMAND

2. Comes now Plaintiff JEROME L. GRIMES, B.A., & MBA, & PhD Doctoral Graduate Student at CU, In Pro Se, and states and alleges as follows:

3. INTRODUCTION

4. The reprehensible actions of Capella University Online PhD Doctoral Graduate Student Advising staff (e.g., Mrs. Maidl; Jazmine Anderson, et., al.), CU's IT Online Campus Department, CU's (OACS) Office of Academic and Community Standards, and CU faculty (Dr. Brenda Jack): 225 South 6th Street, Minneapolis, Minnesota 55402, and the utter indifference and lack of supervision of the Board of Trustees of (CU) Capella University-Online, have been making unjustifiable and horrifying actions against the CU alumni, CU graduate PhD program students, and CU continuing & returning PhD graduate students (i.e., the "PLAINTIFF") (e.g., public interest) for (3) Three-years, and they have been tormenting the spirit, soul, federal financial aid tuition, and federal financial aid assistance off-campus housing rent money of the HEREIN Native-American-Indian/African-American/Caucasian MIXED PhD Graduate Student (the "PLAINTIFF") for 7-months (**July 2023 -to- January 2024**). DEFENDANT'S blatant disregard of the Federal Laws and **Title VI** of the Federal School Code, Civil Rights Law of **1964/(1968)**, forbidding racial discrimination (*African-American/Congo Exile Mixed Decent CU Advising & IT Dept.-STAFFERS* [2021—DR. BRENDA JACK] [JAZMINE ANDERSON] [2023] -v.- *Native-American Indian/African-American Mixed Decent CU student/PhD program PLAINTIFF*); intimidation; and covert plots to sabotage the PLAINTIFF'S rights to PhD school without economic espionage act violations with terror INTENT actions by the DEFENDANT'S

Employee(s') against the PLAINTIFF (SEE: *"Co-shill(s)"*: Jazmine Anderson & Brenda Jack, the co-shills of (USF) University of San Francisco Campus Police Officer **"Nathan" NATHANIEL JOHNSON (e.g., Ex-San Francisco Police Officer; Traffic Cop; University Cop)**-Case Number: **4:86-cv-5203**, *aka*: **C86-5203**-No.CA. (42 U.S.C. 2000d), discovered through In Pro Se, Independent Investigation.

5. PARTIES

6. Plaintiff JEROME L. GRIMES, B.A., & MBA, & PhD Doctoral Graduate Student is a natural person and American citizen residing in the State of Louisiana. He may be served through his Temporary Visitor Status Multi-jurisdiction GENERAL DELIVERY Mailing Address, listed above.

7. Plaintiff was a PhD Doctoral Graduate Student that received services of academic instructions from ONLINE Campus of CU's Internet Portal (Capella University's Online DBA Graduate Doctoral in Business Administration Program) during the **Fall of 2020, Spring 2021,** and **Fall 2021**, via GradPlus Federal Financial Aid Assistance PhD School Loans, and was illegally induced by the [BRENDA JACK] DEFENDANT to transfer to NCU (Northcentral University). (more details available on-demand [Interrogatories] (F.R.C.P. 34))

8. Plaintiff was a PhD Doctoral Graduate Student that received services of academic instructions from ONLINE Campus of CU's Internet Portal (Capella University's Online PhD Graduate (I/O) Industrial and Organizational Psychology Program) during the **Fall 2023**, via LATE GradPlus Federal Financial Aid Assistance Funding due to Extenuating Circumstances, Equifax Disputes, & Student Aid GradPlus **Appeals** to obtain PLAINTIFF'S **Title VI**- GradPlus Federal Financial Aid Assistance PhD School Loans (**2024**) for the **2023**-Fall Quarter, and **2024**-Spring Quarter-School Years. Plaintiff started on time/(10/09/2023) and EARNED an A-grade by (**12/15/2023**) **PSY 8002**.

9. Capella University ("CU") was and continues to be a private university organized for-profit and existing under the laws of the State of Minnesota.

10. CU received federal financial assistance and is therefore subject to **Title VI** of the Educational Amendments of the Federal School Code, pursuant to the Civil Rights Act of **1964**.

11. The Board of Trustees of Capella University ("CU Trustees") (the "Board of Trustees for Capella University') is the governing body for Capella University, (CU Board of Trustees of Capella University), 225 South 6th Street, Minneapolis, Minnesota 55402, **(866) 679-9682**; (888) 227-3552, CU and CU Trustees and CU Board of Trustees and Board of Trustees for (CU) Capella University are hereinafter collectively referred to as the CU defendant/(CU)/(the "DEFENDANT").

12. JURISDICTION AND VENUE

13. This action is brought pursuant to **Title VI** of the Educational Amendments of the Federal School Code pursuant to the Civil Rights Act of **1964**, 42 U.S.C. § 2000d, et seq., and Minnesota law.

14. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide all claims arising under Minnesota law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

15. The events giving rise to Plaintiff's Complaint occurred in Hennepin County, Minnesota, which sits in the District of Minnesota, thus venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

16. SUPERVISORY NEGLIGENCE; FRAUD; DELIBERATE INDIFFERENCE; FAILURE OF DUTY OF CARE; INTIMIDATION; & RACIAL DISCRIMINATION

17. It is the PLAINTIFF'S contention that the DEFENDANT'S Supervisory Negligence allowed their EMPLOYEES to discriminate, violate, and intimidate the PLAINTIFF'S federal constitutional rights protected by the federal laws of **Title VI**, School Code that prohibits discrimination on any grounds. *Haines -v.- Kerner*, 404 U.S. 519-21 (**1972**): In Pro Se Filers' pleadings are construed liberally because they are not represented by an attorney. But any reasonable person could understand that **Title VI**, federal school code laws and acts are constitutional safe guards

preventing any discrimination against college and university students who pay for their tuition with federal financial aid assistance funding resources (venues).

18. This above-mentioned intimidation without force and fear (discrimination) caused multiple temporary homelessness hardships (e.g., **January 2021, -to- April, 2021**, -and- TOLLING & ACCRUING at present [2023] *JJH* (i.e, expected to go beyond **January, 2024 -to- April 2024** (2024) *JJH*).

19. The DEFENDANT'S had their enablers at (CU) Capella University and (NCU) Northcentral University (i.e., CU Professor "&" NCU Professor Brenda Jack and "co-shills") retaliate, intimidate, and steal the PLAINTIFF'S federal financial aid assistance in the amount of **$16,000.00** for 3-semesters of classes never attended in **2021-2022**-years, discovered through In Pro Se Independent Investigation (Case #: **3:22-cv-.1321**, U.S. Dist. Ct., So.CA.).

20. These actions lead the PLAINTIFF in 2021 to TRANSFER from the DEFENDANT'S CU's DBA program to their "enablers'" institution of higher learning-NCU's PhD program.

21. Upon discrimination at NCU (i.e., covert retaliation) [2022], discovered through InProSe Independent Investig! against PLAINTIFF by DEFENDANT and (Employees Jazmine Anderso, *JJH* their CU enablers (i.e., CU Professor Brenda Jack), whom is also a NCU Professor of Congo Exile (Employee Mrs. Maidl) et., al.) *JJH* Decent, began a piece-meal plot to force the PLAINTIFF into financial & automobile access hardship (covert intimidation pre-textually committed) by the DEFENDANT'S subordinates and [Brenda Jack, et., al.,] their State Acting enablers, whom EMPLOYER (DEFENDANT) uses the PLAINTIFF'S (2021) **2020**-federal financial aid assistance TUITION Funds to PAY for PLAINTIFF'S **2020**-DBA Doctoral Graduate School TUITION (i.e., GradPlus Federal Financial Aid Assistance Loans in **2020**).

22. Upon **"return"** to CU (the "DEFENDANT") in **2023**, for financial reasons and to correct fraud on the PLAINTIFF'S **2023** Equifax Credit History Report, due to the easy access to CU Admissions as a RETURNING PhD STUDENT the PLAINTIFF attended the 10-weeks PhD course from [Plaintiff's-Exh. 3] *JJH* **October 2023 -through- December 2023**, **PSY 8002**: Foundations of Theory and Practice for

Doctoral Psychology Learners, and EARNED an: "A-grade" in that course, which ended on (**12/15/23**) **December 15, 2023**.

23. The DEFENDANT'S inside-jobbing employees mentioned-above (Mrs. Maidl; Jazmine Anderson; et., al.,), tried to INTIMIDATE the PLAINTIFF'S GradPlus RENT & Tution Federal Financial Aid Assistance Loan Funds for **January 2024 -through- April 2024**, while SIMULTANEOUSLY trying to DENY the PLAINTIFF'S *receiving* "Late Payment" of his **October 09, 2023 -to- December 15, 2023**-GradPlus RENT & Tuition Federal Financial Aid Assistance Loan Money (i.e., Back-Pay of **2023**-DISBURSEMENT of GradPlus-Fall Quarter) on: **December 21, 2023**.

24. On or about **December 24, 2023**, the DEFENDANT's supervisory negligence, vicarious liability, and failure of duty of care caused financial, emotional, and housing harm (hardship) during the National Holiday Christmas & New Year Celebration (Season **2021**), and now in **2023**, is trying again to allow their employee: NINA MAIDL to *kick-out* the PLAINTIFF from the (CU) Capella University online campus community, **PSY 1117** course, and PhD in Industrial and Organizational Psychology Capella University Online Program in violation of **Title VI** of the Federal School Code for Federal Financial Aid Assisted Students (the "PLAINTIFF") (*SEE*: **2020** & **2021** at Capella University Student Records), and LATE and/or DENIAL of GradPlus DISBURSEMENT for PSY 1117, Spring **2024** Quarter (in **2023/2024**), which gives rise to this civil matter which was ripe in **October** of **2023**, when the IT Department of (CU) Capella University (the "DEFENDANT") stole (trespass to chattel) the PLAINTIFF'S **2020**-CU Dissertation WORK, CU confidential, personal, private, and intellectual property emails (e.g., Jerome L. Grimes' Productions, LLC.'s Boxing Promotions Self-employment Business Plan & Team Protege, LLC.'s Boxing Gymnasium Television Simulcast Business Plan/Financials in pre-texted efforts to PLAINTIFF'S Trade Secrets in their illegal affiliate: Haney Productions, LLC., (NV); Buterbaugh Boxing, LLC., (CO); & Ybarra Boxing, LLC. (CO), all discovered through In Pro Se Independent Investigations of being

crude oil thieves against the Middle-East, against the (WTC) World Trade Center, and against the PLAINTIFF/Case #: **1:23-cv-387**), and **1980**-Prime Suspects of scare tactics (Plaintiff's-**Exh. 1**) on PLAINTIFF'S Biological Mother's birthday: **March 14, 1980**-Olympiad Boxers Airplane in-route to Poland; *SEE*: 1980-Prime Suspects: Michael HANEY, approx.: **64**-years old, & William "Bill" HANEY, I, approx.: **85**-years old/Airplane Security Guard Company OWNER in **1977-1985**, *SEE*: Co-hort Def.-Nathaniel "Nathan" JOHNSON, aka: Nate Wheeler-Case #: **4:86-cv-5203**/(**C86-5203**, U.S. Dist. Ct., No.CA., & HANEY'S place or residence: 454 Bright Street, San Francisco, California 94112). SEE SOMETHING SAY SOMETHING.

25. The DEFENDANT'S are liable for the harassment, intimidation, and discrimination, while the DEFENDANT'S are criminally liable for pretext intimidation of GradPlus (i.e., California Penal Code **664/187** *Stare Decisis*, known as: Unsafe Homeless Living Condition against the PLAINTIFF'S liberty rights to fair and equal access to housing, not to mention via GradPlus Federally Financial Aid Assistance Loans WITHOUT Intimidation of GradPlus RENT & Tuition, WITHOUT Fraud, and WITH economic espionage act violations with terror INTENT) by CU's inside-jobber who are "equal" to the Unabomber/(a UC Berkeley Ex-professor).

26. DARRYL HARRIS (**aka**: Stephan Jones, IV, *aka:* the Rev. Jim Jones' Grandson/**11-18-1972**), Community Outreach Manager at Brother Benno Center & Foundation (*A 501c3 Non-profit Organization*), WITNESSED and HEARD via the above-mentioned *speaker telephone:* (**760-231-1670**), the **December 15, 2023**, verbal telephonic conversation between the PLAINTIFF Jerome L. Grimes and a Female employee at Capella University: (**866-679-9682**), later identified as: JAZMINE ANDERSON, discovered through In Pro Se, Independent Investigation.

27. While the ON-LOOKER Darryl Harris was performing civic duties (community outreach) at Brother Benno Center, he/(Darryl Harris) was attempting to help the PLAINTIFF overcome a

financial hardship associated with temporary homelessness and the need to further his/ (JEROME L. GRIMES') PhD graduate school education (**Title VI**).

28. The civic duty mentioned-above, was in the form of a Brother Benno Center's community outreach PARTIAL PAYMENT of: (**$600.00**) Six Hundred Dollars of an alleged **$2, 350.00** (Two Thousand Three Hundred And Fifty Dollars) - PhD Doctoral Graduate School TUITION for the previous Fall, **2023**-Quarter at Capella University's online PhD Program, which was completed according to JEROME L. GRIMES, who also stated that the PARTIAL PAYMENT (i.e., **$600.00**) of His/(PLAINTIFF'S) TUITION had to be PAID to Continue his/(JEROME L. GRIMES') PhD Graduate School Education in the Spring **2024**-Quarter, **PSY 1117**, at Capella University's online program (Plaintiff's-**Exh. 2**).

29. PLAINTIFF verbally stated that the **$600.00** PARTIAL PAYMENT of his/(PLAINTIFF'S) last Fall **2023**-Quarter TUITION was urgently needed at Capella University, because He/(PLAINTIFF) did not receive his/(PLAINTIFF'S) financial aid check as of yet (**12/15/2023**) **December 15, 2023**.

30. PLAINTIFF Jerome L. Grimes and ON-LOOKER Darryl Harris, placed the telephonic call via *speaker telephone* to Capella University (**12/15/2023**), and during the PLAINTIFF Jerome L. Grimes' VERBAL TUITION BALANCE INQUIRY (i.e., TUITION PARTIAL PAYMENT "minimum needed" FEE AMOUNT to remain in the upcoming Spring **2024**-Quarter course inquiry) to prevent from being disenrolled from the Spring **2024**-Quarter course/(**PSY 1117**). The female Capella University employee (Jazmine Anderson) verbally stated "The MINIMUM TUTION FEE AMOUNT was **$600.00**."

31. PLAINTIFF Jerome L. Grimes, informed Her/(CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson), that He/(PLAINTIFF) was ready to "MAKE" the PARTIAL PAYMENT, and DARRYL HARRIS began to verbally speak about "making" the **$600.00**-Payment Arrangements and "request" for a RECEIPT for Brother Benno Center's RECORDS (**12/15/2023**), and

She/(CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson) appeared animate, MAD, STARTLED, DISAPPOINTED, or/and uneasy and verbally stated to PLAINTIFF Jerome L. Grimes, "I can't talk to YOU with someone else on the telephone!" (perjury). The PLAINTIFF Jerome L. Grimes' replied "Then can I speak to the supervisor about making the **$600.00** payment to CU?" She/(CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson) verbal stated "No." PLAINTIFF Jerome L. Grimes' repeated his/(PLAINTIFF'S) plea to "speak to the supervisor", and She/(CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson) repeated "no". The PLAINTIFF Jerome L. Grimes' verbally read Her/(CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson) a **partial** memorandum rights admonition (i.e., metaphorical semi-citizen verbal arrest; verbally charging Her with knowledge that He feels Her actions were illegal-**Title VI** federal school code law violation). She/(CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson) hung-up the telephone, disconnecting the telephonic conversation (**12/15/2023**).

32. Jerome L. Grimes and the PLAINTIFF'S WITNESS: Darryl Harris, telephonically REDIALED the Capella University's Billing Department (**12/15/2023**), and PLAINTIFF Jerome L. Grimes' repeated the telephonic verbal process of TUITION BALANCE INQUIRY attempted earlier on (**12/15/2023**) **December 15, 2023**, as mentioned-above. The Capella University Billing Department employee was courteous during this attempt, courteous enough to repeat the **$600.00**-MINIMUM PARTIAL PAYMENT "needed" to maintain His/(PLAINTIFF'S) PhD graduate school enrollment for the Spring **2024**-Quarter at Capella University (**12/15/2023**). The **$600.00**-PAYMENT was made via speaker telephone at **02:08:18 pm**, **December 15, 2023**, Receipt #: **102752**, as "attempted" and should have been facilitated during the first time "attempted" with the deliberate indifferent female employee mentioned-above (i.e., CAPELLA UNIVERSITY EMPLOYEE: Jazmine Anderson) (**Plaintiff's-Exh. 2**-Student Payment Receipt Number: **102752**). And the

Capella University's Billing Department Employee had No Problem with a WITNESS/(DARRYL HARRIS) on the telephonic conversation to make the **$600.00**-TUITION PARTIAL PAYMENT for Fall **2023**-Quearter on **December 15, 2023**, and sent him/on-looker: Darryl Harris the receipt via CU's Billing EMAIL (RECEIPT NO.: **102752**, RECEIVED VIA **CU's EMAIL** -to-darryl.harris@brotherbenno.org) (**Plaintiff's-Exh. 2**).

33. PLAINTIFF asserts that a reasonable person CU Staff Member would have at least directed the PLAINTIFF to the Capella University's Billing Department, in regards to the first "attempt" at PAYING the **$600.00** MINIMUM PARTIAL TUITION PAYMENT for PLAINTIFF Jerome L. Grimes' PhD doctoral graduate school continuing education concerns (needs) mentioned-above.

34. **$3,100,000.00** (Three Million One Hundred Thousand Dollars) = **1/6%** of the Total Damages.

35. As a result of the DEFENDANT'S subordinates' illegal actions, the DEFENDANT Board of Trustees of CU/Capella University are vicariously liable (i.e., **1/6%**-culpable) for their **1/6%**-contribution (piece-meal) culpability to the PLAINTIFF'S temporary homelessness hardship (financial harm), economic espionage to steal trade secret boxing production conglomerate self-employment intellectual property and coloring book (Barcode No.: **8 62292 00010 2**), obtained without PLAINTIFF'S consent/permission, illegally with pre-text through the DEFENDANT'S CU's IT Online Portal Courseroom Email Grand Theft of **2020-2021**-Intellectual Property and (**FSF's**) Futuristic Safety First's financials created by and belonging to the PLAINTIFF requiring a Subpeona/DISCOVERY, pursuant to Federal Rules of Civil Procedure, **Rule: 33**, to retrieve PLAINTIFF'S copies "without" discrimination, pretext deliberate indifference, and/or intimidation.

36. The PLAINTIFF is suing for **$3,100,000.00** (Three Million One Hundred Thousand Dollars) for cruel and unusual discrimination in violation of **Title VI**, and possibly **Title IV**, and **Title IX**, of the Federal School Codes (Civil Rights Acts forbidding DISCRIMINATION). Most of the

DEFENDANT'S subordinates are White/Caucasian Decent; Asian/African-American Mixed Decent; and Congo Exiled/(Black)/African-American Mixed Decent, which is OTHER THAN the PLAINTIFF who is Native-American Indian/African-American/(Black) Mixed Decent.

## 37. FACTUAL ALLEGATIONS

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully reproduced herein.

39. At all relevant times, CU Staffer, and CU's OACS Staffers, as well as CU's IT Department technicians maintained a virtual online office at CU in Multi-jurisdictions, Minnesota (World Wide Web/Cyber-space Virtual URL Portal) (i.e., Hennepin County of Minneapolis, Minnesota).

40. The CU's IT Staffers and CU's OASC Staffers, et., al., "BLOCKED" the PLAINTIFF'S telephone number **(619) 643-4583**, from the Capella University and SIMULTANEOUSLY from (LSU) Louisiana State University telephonic caller-id-blocking illegal software, which amounts to inter-state trespass to chattel and covert cyber-terrorism, discovered through In Pro Se, independent Investigation. Telephonic number: **(619) 643-4583**-NUMBER of the PLAINTIFF that was illegally BLOCKED on: **12/27/2023 -through the- PRESENT (January 03, 2024)**, from the universities mentioned-above (**Title IV, Title VI, & Title IX**: Pre-textual Discrimination & Intimidation from APPLYING to LSU, the State of PLAINTIFF'S Residence and PLAINTIFF'S Louisiana Home Based Executive Small Business Office/Inheritance/Inherited/Conveyed). And intimidation from receiving PLAINTIFF'S Back Pay GradPlus October -December 2023-GradPlus RENT & Tuition Loan Late DISBURSEMENT to the PLAINTIFF (Account Receivable).

41. SEE SOMETHING SAY SOMETHING.

42. At all relevant times, CU (i.e., CU Board of Trustees), were acting under color of employment given by employer (CU) Capella University Board of Trustees, specifically under color of statutes,

ordinances, regulations, policies, customs, federal school codes, civil rights acts, and usages of the State of Minnesota or CU.

43. At all relevant times, Brenda Jack (**2021**); & Nina Maidl *aka*: Mrs. Maidl (**2023**), was acting in the scope of her employment or agency with CU.

44. During the PLAINTIFF'S last CU's DBA PhD graduate program and attendance in **2021**, the "CU Staffer, Professor BRENDA JACK (**2021**), racially discriminated against Plaintiff's constitutionally protected civil rights to a fair opportunity to further his education without racial discrimination.

45. DEFENDANT'S employees: Brenda Jack (**2021**); and Nina Maidl (**2023**) used her position of trust and confidence in an abusive manner, causing Plaintiff to suffer a variety of injuries, including shock, humiliation, emotional distress, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life, and extended temporary homelessness denial of **Title VI**-GradPlus PRE-PAID BACK-PAYMENTS DISBURSEMENT, and GradPlus PAYMENTS Disbursements *"AFTER"* the PLAINTIFF "won" Dispute with EQUIFAX Credit Based GradPlus Criterion in **December** of **2023** (i.e., PLAINTIFF won Student Aid Extenuating Circumstances APPEAL in **December 2023**/(**January 2024**) (42 U.S.C. 2000d).

46. CU's OACS learned that Nina Maidl was being unreasonable with a racially motivated agenda in late December **2023**; however, CU and CU's OACS failed or refused to notify the CU School of Psychology Dean, or Dean of CU or anyone similarly situated to of the same, and all became unreasonable in spite of their lack of legal advice from the DEFENDANT, and/or CU's Legal Department.

47. PLAINTIFF first realized in July of 2023, that these unrealistic and unreasonable denials by CU and by CU's IT Online IT Department of the PLAINTIFF'S 2020, 8-weeks DBA graduate program course with Brenda Jack, not to mention 2-other courses previously taken at Capella University,

amounted to illegal seizure of the PLAINTIFF'S personal private property (trespass to chattel) and invasion of privacy and/or intimidation of the PLAINTIFF'S current dissertation topic of: *"Employees Unsafe Feelings at Home and its Impact on Sharing-Information with Management in the Workplace (i.e., Home Invasions, Kidnappings, and Extortion at Home as an Occupational Hazard Undetected by Employers, Corporations, and Management)"*(**Exh. 1**-PSY 8002- Assignment), which amounts to intimidation, racial discrimination (discrimination), and abuse of authority claims brought forward by PLAINTIFF against their supervisor (i.e., employer) (the "DEFENDANT") for the Safety & Welfare of the public (THE "plaintiff") (**Title VI**), brought against the DEFENDANT, CU and/or CU's (OACS) Office of Academic and Community Standards. (the "DEFENDANT Board of Trustees of Capella University/CU").

## 48. DAMAGES

49. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully reproduced herein.

50. As a direct and/or proximate result of DEFENDANT'S actions and/or inactions stated above, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of trust, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

50. The conduct, actions and/or inactions of DEFENDANT as alleged in the above stated counts and causes of action constitute violations of Plaintiff's Constitutional and Federal rights, as well as the local and/or statutory laws of the State of California (*Stare Decisis*), and the United States District Court has jurisdiction to hear and adjudicate said claims.

51. In whole or in part, as a result of some or all of the above actions and/or inactions of

DEFENDANT,

Plaintiff has and continues to suffer irreparable harm as a result of the violations.

52. The amount in controversy exceeds the jurisdictional minimum of $75,000.00.

53. SUM Certain: **$3,100,000.00** (Three Million One Hundred Thousand Dollars) = **1/6%** of Damages.

25. PRAYER FOR RELIEF WHEREFORE, Plaintiff prays this Court and the finder of fact to enter a Judgment in PLAINTIFF'S favor against all named DEFENDANT on all counts and claims as indicated above in an amount consistent with the proofs of trial, and seeks against DEFENDANT all appropriate damages arising out of law, equity, and fact for each and/or all of the above counts where applicable, and hereby requests that the trier of fact, be it judge or jury, award PLAINTIFF all applicable damages, including but not limited to compensatory, special, exemplary, and/or punitive damages, in whatever amount the PLAINTIFF is entitled, and all other relief arising out of law, equity, and fact, also including, but not limited to:

(A) Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to, loss of more than **3,100,000.00**-million dollars (Thre Million One Hundred Thousand Dollars) in intellectual personal, private property of self-employment revenue projected & projections from the Jerome L. Grimes' Productions, LLC.'s and Team Protege, LLC.'s 'confidential' business financial EMAIL copies (pdf's) stored in the PLAINTIFF'S CU's Continuing Student/Alumni EMAIL database; PLAINTIFF'S self-employment 'confidential' business plans & trade secrets EMAIL copies (pdf's stored) in the PLAINTIFF'S CU's Continuing Student/Alumni EMAIL database; and FSF's (Futuristic Safety First's) business plans, business financials, and business proposals, as well as fundraising EMAIL pdf's stored copies (WORK) by the Founder/PLAINTIFF/ Chief Administrator of FSF, which is recognized by the **irs.gov** as a viable non-profit organization, and all private valuable property stored in pdf-versions on the DEFENDANT'S online student EMAIL filing system (i.e.,CU student historical record

database, along with FASFA Federal Financial Aid **2020**-Records/EMAILS, EMAIL Passwords, and Studentaid.gov RETRIEVAL EMAIL Method for **Title VI** students management via Jerome.grimes@capellauniversity.edu with electronic EMAIL transactions data EMAIL dissertation writings storage(**2020-2021**), was STOLEN, Erased, Destroyed, or Intimidated (illegally concealed) by the DEFENDANT'S employees, and amounts to trespass to chattel of PLAINTIFF'S **October 2020 -through- June 2021**-personal, confidential, and valuable Studentaid.gov EMAILS/Records, EMAIL DBA-Homework and Inter-state & International Professors' EMAIL CONTACTS (**2020-2021**), Fellow Capella University DBA Students' EMAIL CONTACTS, and intellectual property/homework under and in accordance to (APA) American Psychological Association's standards and rules (**2020-2021**).

(B) GradPlus PRE-PAID BACK-PAY without INTIMIDATION for the months of **October 2023 -to- December 2023**, pursuant to **Title VI**, Federal Financial Aid Assistance for PhD Doctoral Graduate School Off-campus HOUSING/RENT Money & Tuition Funds, needed for **January 2024 -to- April 2024**-RENT/HOUSING/ADEQUATE SHELTER & Transportation "AFTER" the 10-weeks **PSY 8002** was "completed with an A-grade" for the months of: **October 2023 -through- December 2023** (Back-Pay in **2024**-Accruing), not to mention PhD Dissertation Research Work towards funding sources CONTACTS and DBA and/or PHD RESEARCH FUNDING DOLLARS **Projected**: **$250,000.00** (Two Hundred And Fifty Thousand Dollars) loss (**2024-2025**) of optional peer-reviewable intellectual property WORK in-progress EMAIL pdf versions of potentially (THE-NEXT-BIG-THING), loss of self-employment earnings, mental anguish, anxiety, humiliation loss of trust, lost time for dissertation that was disrupted by the DEFENDANT'S interference and illegal economic espionage crimes with terror INTENT discovered through In Pro Se, Independent Investigation, and damages should include but not be limited to embarrassment,

violation of PLAINTIFF'S Constitutional, Federal Title VI, and State rights, loss of social pleasure and enjoyment, and other damages to be proved;

(C) Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

(D) Reasonable reimbursement of fees incurred to bring suit, interest, and costs; and

(E) Other declaratory, equitable, and/or injunctive relief, including, but not limited to, implementation of institutional reform and measures of accountability to ensure the safety and protection of the minds and constitutional rights to further the education of Native-American Indian Decents (the "PLAINTIFF"), African-American Decents (the "PLAINTIFF"), Native-American Indians/African-American Mixed Decents (the "PLAINTIFF"), and Other students decents (i.e., other individuals) (the "PLAINTIFF"), as appears to be reasonable and just.

## JURY DEMAND

Plaintiff demands a jury on all matters so triable.

Respectfully submitted,

s/JEROME L. GRIMES                    01/01/2024
Jerome L. Grimes, B.A., & MBA
PhD Doctoral Graduate Student
atCU
And,
In Pro Se for Plaintiff,
And,
Founder/Chief Administrator of:
(*FSF*) Futuristic Safety First
(501c3 Nonprofit Organization)

Temporary soon to be DEFUNCT Visitor Status Mailing Address:

Jerome L. Grimes
GENERAL DELIVERY
Carlsbad California 92008-9999